UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SCHNATTER, et al.                                                                                               PLAINTIFFS

v.                                                                                      CIVIL ACTION NO. 3:05-CV-00802-S

ALANJO DESIGN, INC., et al.                                                                              DEFENDANTS

### MEMORANDUM OPINION

There are several matters before the court stemming from the various motions filed by the defendants: (1) motion to name the plaintiffs' insurer, Westfield Insurance Company ("Westfield"), as the real party in interest; (2) motion to dismiss Josef Drdak ("Drdak") as an improperly named defendant; (3) motion to dismiss Alanjo Wrought Iron Works ("Alanjo Iron Works") for lack of personal jurisdiction; and (4) motion to strike Exhibit B of the plaintiffs' responses to the previous three motions. We discuss each of these motions separately below.

### BACKGROUND

The plaintiffs, John and Annette Schnatter ("the Schnatters"), hired the Williams Group, as their general contractor in the construction of a twenty-eight thousand square foot home in Kentucky. The Williams Group subsequently hired The Design Build Store as a subcontractor, and The Design Build Store hired the defendant, Alanjo Designs, Inc. ("Alanjo Designs"), to erect iron railings in the home's foyer. Another defendant, Josef Drdak is an agent of Alanjo Designs. It is disputed whether he is also an agent of defendant Alanjo Iron Works for purposes of this case.

In the midst of construction, a fire damaged part of the home in December 2003. Although the damage was repaired by the Williams Group and its subcontractors, including Alanjo Design, Alanjo Design denies liability for the fire. It does, however, admit that Drdak was in the home and grinding wrought iron for installation of a custom railing at the time of the fire.

The Schnatters' had a $20 million builders risk policy (the "policy") with Westfield. The policy insured the construction of the home and named the Schnatters as its beneficiaries. As required by the policy, Westfield paid a portion of the Schnatters' claimed damages resulting from the fire, $167,915.60 ($217,915.40 claimed less a $50,000 deductible). In consideration of this payment, the Schnatters assigned to Westfield their rights to pursue third parties.

Westfield blamed Alanjo Design for the fire and sought reimbursement from Alanjo Design for the full value of the claim. But, Alanjo Design refused, arguing that it was an intended beneficiary of the policy and that an insurer may not subrogate against an intended beneficiary of its own policy. This suit followed Alanjo Design's refusal to reimburse.

## ANALYSIS

### I. Motion to Name Real Party in Interest

Alanjo Design argues that under Federal Rules of Civil Procedure ("FRCP") 17 and 19 and Supreme Court precedent, Westfield must be joined to this action as a real party in interest. We agree and reject the Schnatters' argument that we should liken this case to one involving a loan receipt, where an insurance company may seek damages in the name of its insured. Here, there is no loan receipt, and the Schatters assigned their rights to Westfield.

Subsection (a) of FRCP 17 states that "[e]very action shall be prosecuted in the name of the real party in interest . . . ." Fed. R. Civ. P. 17. Because Westfield only partially reimbursed the Schnatters' claimed loss, it is a real party in interest. *See United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1949) ("If it [the subrogee] has paid only part of the loss, both the insured and insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest."). *Id.* As such, Westfield must be joined under FRCP 19 as a necessary party to ensure that the claims in this case are justly adjudicated. *See id.* at 381-82; Fed. R. Civ. P. 19.

In so holding, we also reject Westfield's argument that its offer of ratification is sufficient to avoid joinder. Ratification is permitted under FRCP 17, but only when it is needed "to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." 6A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1555 (2006); *see also* Fed. R. Civ. P. 17 advisory committee's note (1996) ("Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed."). No such mistake has been made here, and therefore, ratification is not an appropriate solution.

The court in *Agri-Mark, Inc. v. Niro, Inc.*, 190 F.R.D. 293 (D. Mass. 2000), came to the same conclusion when faced with a situation similar to ours. In *Agri-Mark* the plaintiff alleged breach of contract and warranties against the corporate defendants. The plaintiff's insurer offered the defendants ratification in lieu of joinder. The court, however, citing the legislative intent behind FRCP 17 and the court's "significant interest in avoiding disputes about the scope of ratification, its effect on other procedural matters, *res judicata*, costs, sanctions, and the existence or non-existence of diversity jurisdiction", held that ratification was inadequate and the insurer be joined as a party plaintiff. *Id.* at 296-97.

Furthermore, *Durable Mfg. Co. v. Goodyear Tire & Rubber Co.*, 124 Fed. Appx. 732 (3d Cir. 2005), the case cited by Westfield in support of its argument that ratification is a proper alternative to joiner, is easily distinguished, since in that case the insurer had *fully* reimbursed the insured for its loss, and in doing so, became the *only* real party in interest. As the only real party in interest, the insurer was the only one that could have properly brought suit, and because of this, the U.S. District Court for the District of New Jersey granted the defendants' motion for summary judgment. *See id.* at 733. On appeal, however, the Third Circuit stated that the District Court should have permitted ratification, because that would have avoided the forfeiture that occurred. *Id.* at 734-35. Again, this

is not the situation in the case *sub judice*. No forfeiture would occur if Westfield is not named a plaintiff, since the Schnatters are also proper plainiffs.

Since we have already determined that Westfield must join to assert its claims, Alanjo Design's other argument that this court lacks subject matter jurisdiction because the Schnatters' claims are limited to the $50,000 deductible, is moot. Whether the Schnatters' claims are limited to $50,000 is irrelevant, since under *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest" federal courts may aggregate the claims to reach the jurisdictional amount. Here, aggregation is not even necessary, as Westfield's claim alone satisfies the $75,000 threshold.

Having held Westfield to be a real party in interest, we address an issue that is mentioned repeatedly in the defendants' motions. Basically, the defendants contend that Westfield cannot pursue subrogation against them, because they were intended beneficiaries under the policy. We are unsure from the wording of their motions whether the defendants have asked us to rule on this issue. In any event, we have not been furnished with the policy, nor is there anything in the record upon which to base a ruling. If the defendants have moved for such a declaration, we will deny their motion with leave to reinstate it when the record is better developed.

## II. Motion to Dismiss Improperly Named Defendant

At the outset we must address the Schnatters' response to this motion, in which they argue that we must treat Drdak's motion as one for summary judgment, because it incorporates facts and makes statements outside the record, and further, that we must deny summary judgment because Drdak failed to set forth specific facts as required under FRCP 56. The Schnatters, however, misstate FRCP 12. Under FRCP 12, a Rule 12(b)(6) motion is treated as one for summary judgment only if matters outside the complaint are considered. Fed. R. Civ. P. 12(b); 61A Am. Jur. 2d

*Pleading* § 595 (2006). Here, in deciding Ddrak's motion we do not consider any matters outside the record.

In his motion, Drdak asserts that the Schnatters' complaint against him should be dismissed, because (1) he is not the real party in interest; (2) he is immune from suit; (3) we do not have personal jurisdiction over him; and (4) the Schnatter's cause of action against him for breach of implied warranty does not exist under Kentucky law. We disagree and find that Drdak is a properly named defendant in this case. However, we agree that the Schnatters may not maintain an action for a breach of implied warranty against Drdak.

First, FRCP 17, dealing with real parties in interest, applies only to prosecutions, not defenses. *See* Fed. R. Civ. P. 17. For the same reason, we distinguish *Miller v. Paducah Airport Corp.*, 551 S.W.2d 241 (Ky. 1979), which Ddrak cites in support of his argument. In *Miller* the Kentucky Supreme Court stated that the plaintiff, an individual, could not maintain his action because injury was alleged to the corporation and not the plaintiff in his individual capacity. Thus, the corporation was the real party in interest. *Id.* at 243-44. However, *Miller*, like FRCP 17, says nothing about the real party in interest rule as applied to defendants.

Second, Drdak is not immune to suit merely because he is Alanjo Design's agent. Suits are permitted against both the principal and its agent-tortfeasor. Although it is true that agents are not liable for the acts of their corporations, agents may still be sued in their personal capacity for their own misfeasance or nonfeasance, including negligence. Here, it is alleged that Drdak, by his negligence, caused the fire that damaged the Schnatters' home. *Carr v. Bennett*, 580 S.W.2d 237, 239-40 (Ky. Ct. App. 1979) (finding that an agent is personally liable for his own tortious conduct and is not relieved of that liability because he acted at the command of his principal); *Cohen v. Alliant Enters, Inc.*, 60 S.W.3d 536, 539 (Ky. 2001) (stating that a plaintiff can sue both the agent and the principal for the agent's conduct).

Third, we have personal jurisdiction over Drdak. The Sixth Circuit employs a two-part test to determine whether a federal district court sitting in diversity can exercise personal jurisdiction over a defendant: (1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with Due Process. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).

The first part of the test is satisfied through Kentucky's long-arm statute, which authorizes jurisdiction "over a person who acts directly or by an agent, as to a claim arising from the person's . . . [c]ausing tortious injury by an act or omission in this Commonwealth." Ky. Rev. Stat. § 454.210(3). The Schnatters claim that Drdak was a tortfeasor who acted in Kentucky. Personal jurisdiction is therefore appropriate under Kentucky's long-arm statute.

The second part of the test requires Drdak to have had sufficient minimum contacts with Kentucky to satisfy Due Process requirements. Kentucky employs a three-prong test in making this determination: (1) whether the defendant purposefully availed himself of the privilege of acting within Kentucky; (2) whether the cause of action arose from the alleged in-state activities; and (3) whether jurisdiction is reasonable. *Wilson v. Case*, 85 S.W.3d 589, 593 (Ky. 2002). Because Drdak was voluntarily physically present in Kentucky doing business, the first prong is met. Because the Schnatters' cause of action arose directly from Drdak's alleged tortious activity in Kentucky, the second prong is met. And, because, after reviewing Drdak's overall contacts with Kentucky as Alanjo Design's owner and agent we find jurisdiction reasonable, the third prong is met. Due Process requirements are clearly satisfied, and thus, personal jurisdiction over Drdak is appropriate.

Although Drdak will remain a defendant in this case, we find that the Schnatters cannot maintain a cause of action against him for breach of implied warranty. As Drdak contends, the contract for the installation of wrought iron railings was not between him and the Schnatters. Therefore, no privity of contract exists between the Schnatters and Drdak. Like Alanjo, we are

unable to find any Kentucky case law that permits a cause of action for a breach of implied warranty of workmanlike performance against a party with whom the plaintiff is not in privity. We can only assume that the Schnatters agree with this contention, since they make no counter-argument in their response to this motion. Accordingly, we will dismiss this claim against Drdak for failure to state a claim on which relief can be granted.

### III. Motion to Dismiss Alanjo Wrought Iron Works

Again, we must address the Schnatter's argument that we should treat Alanjo Iron Works' motion as one for summary judgment. And once again, the Schnatters misstate FRCP 12. Conversion to a motion for summary judgment only applies to Rule 12(b)(6) motions. *See* Fed. R. Civ. P. 12(b). Here, we are faced with a Rule 12(b)(2) motion.

In its motion, Alanjo Iron Works seeks to have the Schnatters complaint against it dismissed for lack of personal jurisdiction. Specifically, Alanjo Iron Works argues that it had no contacts with Kentucky. At this point, we would normally employ the 2-part test set forth above and applied to Ddrak. However, there is not enough information in the record for us to do so.

The Schnatters have met their initial burden of a prima facie showing of jurisdiction by alleging that Drdak was acting in his capacity as an agent of Alanjo Iron Works at the time of his tortious activity. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). This allegation was properly presented to us as required under FRCP 11(b). However, Alanjo Iron Works has failed to present us with a properly supported Rule 12(b)(2) motion for dismissal. *See id.* ("[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."]. All we have are the assertions Alanjo Iron Works' makes in its motion -- that it "had no contacts with the named or real Plaintiffs and likewise no contacts with this jurisdiction." It has not provided us with

any affidavits or other support.[1] Therefore, we are unable to rule on Alanjo Iron Works motion and will deny it without prejudice.

### IV. Motion to Strike

Alanjo Design has asked us to strike the following from the Schnatters' response briefs as irrelevant hearsay: (1) a copy of an email sent by the Schnatters' counsel marked as Exhibit B of their *Response in Opposition to Defendant's Motion to Name Real Party in Interest*; and (2) the transcript of a recorded statement marked as Exhibit B of their *Response in Opposition to Defendant's Motion to Dismiss Improperly Named Defendant* and *Response in Opposition to Defendant's Motion to Dismiss Alanjo Iron Works*.

Since there appears to be no foundation for these exhibits and no objection to striking them, we will grant Alanjo Design's motion. But, in doing so, we also note that these exhibits were not necessary in deciding any of the previous three motions.

A separate order will be entered this day in accordance with this opinion.

---

[1] Although Drdak also failed to provide us any affidavits or other support for his motion to dismiss for lack of personal jurisdiction, he admitted in his motion that (1) he is the owner of Alanjo Designs; (2) Alanjo Designs had a contract to install wrought iron railings in the Schnatters' home; and (3) he traveled to Kentucky to install those railings. Thus, we were able to determine whether Drdak had sufficient minimum contacts to satisfy Due Process requirements. In contrast, Alanjo Iron Works makes no similar admissions in its motion.